**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASWINDER S., | Case No. 1:26-cv-03074 JLT EGC (HC) |
| Petitioner, | (A Number: 240-250-773) |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; ORDERING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |
| WANDA WILSON, et al., | |
| Respondents. | (Doc. 1) |

Jaswinder S. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The salient facts are not disputed. Petitioner is a native and citizen of India who entered the United States at or near San Luis Arizona in March 2022 and was encountered by Border Patrol shortly thereafter, along with other members of his family. (Doc. 8, ¶ 6.) He and his family members were then "paroled out of custody due to detention capacity limitations." (*Id.*) In early April 2022, Petitioner was issued a Form I-862, Notice to appear and was placed in removal proceedings. (*Id.*, ¶ 7.) On February 17, 2025, an Immigration Judge denied Petitioner's applications for relief from removal as abandoned or waived and ordered Petitioner removed to India. (*Id.*, ¶ 8.) Petitioner did not appeal but instead filed a motion to reopen based on ineffective assistance of counsel. (*Id.*, ¶ 9.) An IJ denied that motion on June 20, 2025. (*Id.*) On July 7, 2025, Petitioner appealed that denial. (*Id.*, ¶ 10.) On April 20,

2026, Petitioner was taken into custody to execute his then-final order of removal, as there was then no stay order in place. (*Id.*, ¶¶ 11–12.) He filed this action a few days later. (Doc. 1.) While briefing was ongoing, the BIA granted Petitioner's motion to reopen and remanded the matter to the agency. (Doc. 11.) Petitioner is once again in removal proceedings. (See Doc. 13-1.)

On July 16, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the Petition and order Respondents to release Petitioner. (Doc. 1.) The Court served the Findings and Recommendations on all parties and notified them that any objections were due within 10 days. (*Id.* at 2.) Respondents filed timely objections on July 25, 2026. (Doc. 15.) Those objections state in their entirety:

> For the reasons set forth in Respondents' previous briefing, Respondents object to the Findings and Recommendations. Respondents asked to distinguish this case from the orders identified by the Court because Petitioner was never previously released on an order of supervision so the regulations governing the re-detention of a noncitizen previously released on such an order are not relevant to this case. Instead, the initial detention in April 2026 was governed by 8 U.S.C. § 1231(a)(6) and then switched to § 1225(b) once the removal order was reopened. *See* Dkt. Nos. 7–8, 11, 13.

(Doc. 15 at 1.)

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case including Respondents' objections. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. First, to the extent Respondents are trying to suggest that this Court's prior precedent is distinguishable because Petitioner was previously released on parole rather than under an Order of Supervision, this Court has declined to draw such distinctions. *See J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *1 (E.D. Cal. Oct. 16, 2025). To the extent Respondents suggest that release is not warranted because at the time of his detention Petitioner was subject to a final order of removal, they are correct to acknowledge that 8 U.S.C. §1231 no longer justifies his continued detention, given that his removal proceedings have been reopened. Respondents rely instead on the contention that Petitioner is currently detained pursuant to 8 U.S.C. § 1231(b), a notion that has been repeatedly rejected as applied to individuals who were previously released into the United States on any kind of parole or supervision. *See*

*J.S.H.M*, 2025 WL 2938808, at *1; *Ramandi v. Field Off. Dir., ICE ERO San Francisco*, No. 1:25-CV-01462-JLT-EPG, 2025 WL 3182732, at *9 (E.D. Cal. Nov. 14, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *9 (E.D. Cal. Nov. 24, 2025). The timing of Petitioner's detention relative to the reopening of his removal proceedings does not change the fact that Respondents offer no valid basis for his <u>continued</u> detention, particularly given that nothing in the record suggests Petitioner is a danger or a flight risk. Thus, the Court **ORDERS:**

1.  The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2.  Respondents **SHALL IMMEDIATELY RELEASE** Petitioner on the same terms and conditions that applied to him prior to his re-detention.

3.  Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.[1];

4.  The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

5.  The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  July 28, 2026_

UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.