# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASWINDER SINGH,<br><br>Petitioner,<br><br>v.<br><br>WANDA WILSON, *et al.*,<br><br>Respondents. | Case No. 1:26-cv-03074-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS THAT THE COURT GRANT IN PART PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**<br><br>(Doc. 1)<br><br><u>FOURTEEN-DAY DEADLINE</u> |

Petitioner Jaswinder Singh ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 18). Respondents filed an opposition. (Doc. 19).

## I. BACKGROUND

Following the parties' briefing on Petitioner's petition, on July 28, 2026, the Court granted the petition and ordered that Respondents release Petitioner immediately, finding that Petitioner had a protected liberty interest and that due process requires a pre-deprivation hearing. (Doc. 16). Judgment for Petitioner was entered thereafter. (Doc. 17).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail

"in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

While Respondents first request that the Court hold the pending motion in abeyance pending the outcome in *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026), (Doc. 19 at 2–3), the undersigned recommends declining to do so. In the alternative, Respondents oppose Petitioner's motion for award of attorney's fees and costs on several grounds: (1) that the EAJA does not permit the award of attorney's fees because a habeas action is not a civil action under the EAJA, (2) even if a habeas action was a civil action under the EAJA, fees are not appropriate here because Respondents' position was "substantially justified" and (2) that even if the Court award EAJA fees, the Court should reduce the award requested. (*See id.* at 3–5).

### A. Respondents' Request for this Motion to be Held in Abeyance

Starting with Respondents' request to hold this case in abeyance, (Doc. 19 at 2–3), the undersigned recommends declining the request.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. With respect to the first two factors, damage and hardship to the parties, Respondents assert that "Singh identifies no prejudice from a limited abeyance after entry of final judgment and release." (Doc. 19 at 3). Respondents' position represents a misunderstanding of the applicable standard. In determining whether to grant a stay, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Here, the undersigned finds that Respondents have not identified the existence of any hardship or inequity in the Court deciding the attorney's fees motion. Nor is the undersigned persuaded by Respondents' conclusory contention that Petitioner will not suffer any prejudice if the motion to stay is granted. *Palacios v. Liggins* has not been argued, and a stay of many months in resolving the instant motion could interfere with Petitioner's continued access to counsel. The undersigned accordingly finds that the first two factors weigh in favor of Petitioner.

Turning to the third factor, Respondents argue that *Palacios v. Liggins* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios*, 2026 WL 1855057. Thus, according to Respondents, staying the fees motion will "promote[ ] judicial economy and avoid[] inconsistent outcomes." (Doc. 19 at 1).

"In applying the third factor, courts find 'considerations of judicial economy are highly relevant.'" *Pac. Coast Fed'n of Fishermen's Assns. v. Raimondo*, No. 120CV00426DADEPG, 2022 WL 789122, at *69 (E.D. Cal. Mar. 11, 2022) (quoting *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014)). Here, the undersigned agrees with Respondents that a decision in *Palacios v. Liggins* is likely to provide guidance on the availability of attorney's fees under the EAJA.

* * *

To summarize, the undersigned finds that there is a risk of some prejudice to Petitioner if the Court stays the motion for attorney's fees pending the Supreme Court's decision in *Palacios v. Liggins*. On the other hand, considerations of judicial economy weigh slightly in favor of a stay, because the decision could inform the analysis in the pending motion. Because "[a] district court's concern for . . . judicial efficiency, standing alone is not necessarily a sufficient ground to stay proceedings," *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation and internal quotation marks omitted), the undersigned recommends the Court exercise its broad discretion to manage its docket and decline to hold the motion for attorney's fees in abeyance. *See E.A.P.C. v. Wofford et al.*, No. 25-cv-01546 JLT-CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (declining to hold a motion for attorney's fees in abeyance pending the Supreme Court's decision in *Palacios v. Liggins*).

**B. Whether This Proceeding is a "Civil Action" Under the EAJA**

Respondents assert that "EAJA's 'civil action' phrasing does not unequivocally reach habeas." (Doc. 19 at 4).

The Supreme Court has held that habeas corpus proceedings are "technically civil" actions. *Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971). Both the Third Circuit and Tenth Circuit recently have held that the EAJA "unambiguously" encompasses habeas challenges to immigration detention, expressly finding that such proceedings qualify as "civil actions" and that, accordingly, prevailing petitioners are eligible for an award of fees. *See Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026), *pet. for rehrn'g by panel en banc den'd*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025); *but see Obando-Segura v. Garland*, 999 F.3d 190,

197 (4th Cir. 2021); *Gomez Barco v. Witte*, 65 F.4th 782, 787–88 (5th Cir. 2023). In reaching this conclusion, both courts relied, in part, on the EAJA's use of the phrase "*any* civil action (*other than* cases sounding in tort)" as the qualifying language entitling a prevailing party to seek an award of fees. Additionally, the Ninth Circuit has held that EAJA fees are available in the context of some immigration habeas actions. *In re Hill*, 775 F.2d 1037, 1040–41 (9th Cir. 1985).

In light of the Supreme Court's characterization in *Schlanger* that habeas corpus proceedings are "technically 'civil'" actions, coupled with EAJA's applicability to "any" civil action except an expressly identified category of cases (*e.g.*, "other than cases sounding in tort"), which category unquestionably does not apply here, the undersigned agrees that the better interpretation of the term "any civil action" in the EAJA is that it unambiguously includes habeas proceedings challenging immigration detention. *Accord Gurjinder S. v. Warden*, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."); *S.F. v. Bostock*, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *3 (D. Or. May 5, 2026) ("The plain text of the EAJA, as well as the substance of Petitioner's remedy, establish that this [immigration habeas] case is a 'civil action' under the EAJA."). Therefore, the undersigned recommends finding that the EAJA applies to this action.

**C. Whether Respondents' Position was "Substantially Justified" Under the EAJA**

Respondents argue Petitioner should not be awarded fees under the EAJA because the government's positions in this litigation were substantially justified. (Doc. 19 at 4–5).

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)). To be substantially justified, the government's position must have a "reasonable basis" in law and fact. *Id.* (citations omitted). "When evaluating the government's 'position' under the EAJA, [courts] consider both the government's litigation position and the 'action or failure to act by the agency upon which the civil action is based.'" *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1168 (9th Cir. 2019) (*quoting* 28 U.S.C. § 2412(d)(1)(B)).

Respondents maintain in opposition to Petitioner's fee motion that their prelitigation and litigation positions were substantially justified given that Petitioner's detention was pursuant to a statute they asserted mandated detention, (*see* Doc. 7; Doc. 13 at 1–2 (citing 8 U.S.C. § 1225)). Even if that premise is true, Respondents continue to unreasonably discount the applicability of the Due Process Clause under the Fifth Amendment to the U.S. Constitution when, as here, immigration authorities seek to maintain custody of a noncitizen who had been released on parole, (Doc. 7-1 at 3), without any determinate endpoint or assertions of violations of conditions of release. In Respondents' characterization of governing precedent, section 1225(b)'s provision for mandatory detention pending completion of removal proceedings entirely displaces applicability of the Due Process Clause such that indeterminate detention is not only warranted, but required. Thus, Respondents argued here that Petitioner has no liberty interest that could implicate a due process right to release because they were never lawfully admitted to the United States. (*See* Doc. 13 at 1) (arguing Plaintiff is an applicant for admission subject to mandatory detention).

But in making this argument, Respondents have *never* attempted to reconcile that after Immigration and Customs Enforcement ("ICE") detained Petitioner, Respondents then paroled Petitioner into the country, implicitly finding that his release presented neither flight nor danger risks. *See* 8 C.F.R. § 1236.1(c)(8) ("Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien not described in section 236(c)(1) of the Act, under the conditions at section 236(a)(2) and (3) of the Act; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."). Nor do Respondents refute or grapple with the fact that, for the over four-year period following his release, Petitioner successfully complied with the conditions of his release. *E.g.*, *Tzafir v. Blanche*, No. 25-cv-02126-JHC, 2026 WL 1413606, at *2 (W.D. Wash. May 20, 2026) (finding government's position not substantially justified where petitioner was ordered removed but then released on an order of supervision, complied with all conditions of release for years, and eventually was rearrested; reasoning, "when revoking a noncitizen's OSUP, the government must articulate changed circumstances in the noncitizen's case"). Petitioner asserted in their petition that immigration authorities detained him

upon his voluntary report to ICE to comply with this conditions of supervision. (Doc. 1 ¶ 1). Respondents did not provide any rebuttal to these assertions in their briefing.

In addressing a related provision of the Immigration and Naturalization Act governing mandatory detention of certain noncitizens, the Supreme Court has recognized that such mandatory detention "does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute as we have now read it." *Nielsen v. Preap*, 586 U.S. 392, 420 (2019) (interpreting section 1226(c)). The most reasonable interpretation of *Preap* is that immigration detainees retain procedural due process rights notwithstanding the operation of a statute providing for a detainee's mandatory detention. Indeed, this interpretation—that statutory detention regimes are not to the exclusion of and do not displace a detainee's rights under the U.S. Constitution—is consistent with the Supreme Court's earlier holdings acknowledging this principle. *See Zadvydas v. Davis*, 533 U.S. 678, 693, 695 (2001) (holding that the government's statutory authority to detain noncitizens pending removal "is subject to important constitutional limitations" because due process applies to anyone in the United States, "whether their presence here is lawful, unlawful, temporary, or permanent"); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) (reiterating that a noncitizen who successfully enters the United States and afterwards is subject to removal proceedings retains due process rights) (citing cases), *superseded by statute on other grounds as stated in Dep't of Homeland Security v. Thuaissigiam*, 591 U.S. 103, 135 (2020).

Moreover, Petitioner was re-detained by the government when he voluntarily appeared at the ICE office, (*see* Doc. 1 ¶ 1), well after many courts had already decided that such re-detention without a pre-deprivation hearing violated due process. *See Pinchi v. Noem*, 792 F.Supp.3d 1025 (N.D. Cal. July 24, 2025); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. Nov. 26, 2025) (noting over 350 cases across approximately 50 courts rejecting government's position); *M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036–37 (N.D. Cal. 2025) (collecting cases). The Court of Appeals had long made it clear that civil immigration detention must be accompanied by adequate procedural safeguards. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). Finally, the Ninth Circuit joined numerous other Circuit Courts of Appeals in holding that the proper detention authority for noncitizens, like Petitioner, who have been released into the United States is the

discretionary authority in 8 U.S.C. § 1226, not the mandatory detention authority exercised by respondents under 8 U.S.C. § 1225(b). *See Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *31; *accord Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Guerrero Orellana v. Moniz*, No. 25-2152, 2026 WL 2352042, at *17 (1st Cir. Aug. 13, 2026).

Considering the authority and the circumstances set forth above, the undersigned finds that Respondents' positions were not substantially justified because such positions do not have a "reasonable basis" in law and fact. *Thangaraja*, 428 F.3d at 874.

**D. Whether Petitioner's Fee Request is Reasonable**

Here, Respondents challenge the reasonableness of the amount of fees requested by counsel for Petitioner as to both the rate and time expended. (*See* Doc. 19 at 4–5).

In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. . . Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id.*

The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja*, 428 F.3d at 876–77; "Statutory Maximum Rates," *available at* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 8, 2026). This maximum rate—presently $258.46—controls unless the district court finds that special factors warrants a higher rate, such as "where the attorneys possess 'distinctive knowledge' and 'specialized skill' that was 'needful to the litigation in question' and 'not available elsewhere at the

statutory rate.'" *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009) (quoting *Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005)). While Petitioner's counsel seeks an enhanced rate of $400, the undersigned finds that Petitioner has not provided even modest support for the contention that representation would not have been available at the statutory rate. *Cf. id.* at 915 (noting that a declaration stating with "at least modest support" that legal assistance at the statutory rate was unavailable to plaintiff was sufficient showing that no other counsel would represent plaintiff at the statutory rate).

Turning to the amount of time expended, according to their declaration and billing ledger, counsel for Petitioner, Attorney Inna Lipkin, spent approximately 30 hours on tasks associated with litigating the merits of the case. (Doc. 18 at 12–13). Additionally, counsel for Petitioner seeks to recover the $5.00 filing fee. (*Id.* at 10).

The billing ledger reflects that Attorney Lipkin billed approximately 30 hours on all tasks associated with the petition, including preparing the petition, submitting a copy of the Board of Immigration Appeals' decision, reviewing Respondents' opposition to the petition, and reviewing court orders. (*Id.* at 12–13). Respondents contend that this time should be reduced for being excessive, non-compensable clerical tasks, and impermissible block-billing. (Doc. 19 at 5). The undersigned agrees.

First, the undersigned has concerns associated with Attorney Lipkin's frequent billing of one hour—the lowest increment of her time—for tasks that seem like they should only take a few minutes. For example, on two occasions, Attorney Lipkin billed an hour to review a minute order—one order that was four sentences and one order that was two sentences, (*see* Doc. 18 at 12–13, Doc. 9, 12). These orders would not have taken even one minute to read. The undersigned finds that it is excessive to charge for tasks of less than a minute.

Similarly, Attorney Lipkin billed one hour each for the review of Respondents' two-paragraph response to the Court's order to show cause, (Doc. 13), and Respondent's three-sentence objection to the undersigned's findings and recommendations, (Doc. 15). (Doc. 18 at 13). Attorney Lipkin also billed an hour for each to review the undersigned's three-page findings and recommendations and the Court's three-page order adopting. (Doc. 16). In light of the

undersigned's finding of excessive billing, the undersigned recommends reducing Attorney Lipkin's time by five hours for excessive billing.

Second, the undersigned finds that the block billing format hinders the Court's ability to determine whether the time expended was reasonable. For example, Attorney Lipkin billed 18 hours for time associated with "[p]repar[ing], research[ing], and fil[ing] Writ of Habeas Corpus." (*Id.* at 12). But time associated with filing is not recoverable under EAJA, and the block billing format makes it impossible to determine how much of those 18 hours was associated with tasks for which time expended is unrecoverable. *See Chanthavong v. Astrue*, No. 1:09-CV-1561 SKO, 2011 WL 6751930, at *12 (E.D. Cal. Dec. 23, 2011) ("Without any indication of how much time was spent in the block-billed entries, some of this time appears duplicative and redundant"); *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (finding "purely clerical or secretarial tasks" not recoverable under EAJA). This is also true of Attorney Lipkin's billing of three hours on time expended "review[ing] Court's Order To Consent / Decline Magistrate Judge, [p]repar[ing] and fil[ing] response, [and p]repar[ing] and mail[ing] service to Respondents" and "[p]repar[ing] and [submit[ing] BIA decision." (Doc. 18 at 12–13). Accordingly, the undersigned recommends that the Court exercise its discretion to reduce the number of hours expended on the litigation by forty percent for purposes of the lodestar calculation.

In sum, the undersigned finds as follows:

(1) Total attorney hours deemed reasonable: 13 * $258.46/hr. = $3,359.98;

(2) Filing fee = $5.00

(3) Total fees and costs deemed reasonable: $3,364.98.

In light of the above, and having found the requested amount reasonable, the undersigned will recommend that the motion be granted.

## IV. CONCLUSION & RECOMMENDATION

For the foregoing reasons, it is HEREBY RECOMMENDED:

1. Petitioner's motion for the award of attorney's fees, (Doc. 18), be GRANTED IN PART;

2. Respondents be ordered to remit to counsel for Petitioner attorneys' fees and expenses in the amount of $3,364.98; and

3. This award be made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorney's fees and expenses to be made directly to Petitioner's counsel.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **November 19, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE